**BLUMCRAFT OF PITTSBURGH, a Partnership consisting of Hyman Blum, Max Blum, Louis Blum and Harry P. Blum, Plaintiff,**

v.

**Edward J. BRENNER, Commissioner of Patents, Defendant.**

Civ. A. No. 215-65.

United States District Court
District of Columbia.

Nov. 24, 1965.

James C. McConnon, Paul & Paul, Philadelphia, Pa., John F. Smith, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., Washington, D. C., for defendant.

JACKSON, District Judge.

This is a civil action brought under 35 U.S.C. § 145 in which plaintiff, assignee of a design patent application entitled "Combined Post and Railing", Serial No. D–70,893, filed July 12, 1962, seeks an adjudication by the Court that the defendant be authorized to issue to plaintiff a design patent containing Claim 1 of the aforesaid application.

Claim 1 of the application is a typical formal claim for a design and reads as follows:

1. The ornamental design for a combined post and railing as shown and described.

The application drawings show a vertical post and horizontal railing, the essence of the design being the new and original shape of the vertical post. A horizontal cross section of this uniform vertical post has a configuration somewhat resembling that of a man's bow tie, with two relatively narrow opposite parallel ends and two wider sides bent inwardly toward each other at the middle in concave fashion.

The two references relied upon by the Patent Office are the following:

1. Blumcraft Aluminum Railings Catalogue M–57, copyright 1956, page 16, illustration at right of page.
2. Esser (German) 627,925, March 26, 1936.

The Blumcraft Catalogue reference is similar to the claimed design in that it likewise shows a combined post and railing comprising a vertical post and a horizontal handrail. The vertical post of the catalogue reference, like the claimed design, has six facets including a pair of relatively narrow opposed parallel ends. The wider sides of the Blumcraft reference post, however, are bent outwardly away from each other at the middle in convex fashion. Thus, the catalogue reference post would appear in horizontal cross section as a typical hexagon with its relatively wide convex sides.

The Esser German patent discloses and claims single-part steel shapes for mine supporting structures, e. g. pit arches for coal mines. Each of these shapes, as shown in the nine drawings included in the patent, is essentially a modified T- or I- beam. Figure 5 shows a six-sided cross section for a pit arch which is identical to the cross section of the vertical post shown in plaintiff's design application, having two relatively narrow opposite parallel ends and two wider sides bent inwardly toward each other at the middle.

In view of these two references, the Examiner took the position that it would have been obvious, at the time the combined post and railing of the plaintiff's application was designed, for a designer of ordinary skill in the post and railing art to have modified the shape of the vertical post shown in the Blumcraft catalogue in accordance with the pit arch cross section shown in Figure 5 of the German patent. Thus the Examiner concluded that the claimed design was obvious and unpatentable under 35 U.S.C. § 103.

The Patent Office Board of Appeals affirmed the Examiner's rejection on this combination of references and made a further rejection on the ground that the claimed design would be obvious in view of the Blumcraft catalogue reference considered alone.

■■ The Court is thoroughly convinced that the latter ground of rejection by the Board of Appeals, i. e., reliance upon the Blumcraft catalogue reference alone, is erroneous. When a reference teaches one thing, it is illogical to hold that it suggests, or renders obvious, the exact opposite of what it teaches. Since the Blumcraft catalogue reference teaches that both relatively wide sides of the vertical post are bent outwardly from each other at the middle of each wide side in convex fashion, this reference considered alone may not logically be held to render obvious the claimed design in which both relatively wide sides of the vertical post are bent *inwardly* toward each other at the middle of each wide side in *concave* fashion. Consequently, this latter ground of rejection by the Board cannot be sustained.

■ Proceeding now to the other obviousness rejection, which is based on the combination of references, the plaintiff contends that the combination of references is improper since the arts of designing ornamental posts on the one hand and functional pit arches for coal mines on the other are too unrelated for a reference from one of these arts to be properly modified by a reference from the other. The Patent Office answer to this contention is that ornamental posts and mine pit arches fall within the broad classification of structural support members. While plaintiff also contends that the combination is improper since the Esser patent drawings only show cross sections, as distinguished from complete structural arrangements, the Court sees no objection to the use of such patent drawings, which show only cross sections, as references against design patent applications as long as the structural members whose cross sections are shown in the reference drawings are disclosed to have, or reasonably may be assumed to have, uniform cross sections along their length, which is certainly the case for the modified I- beam pit arches of the Esser patent.

■ While it may be true that ornamental posts and railings, which are designed only to support people who lean against them in their usual location on stairways and balconies of buildings, are not structural support members in the same strict sense that coal mine pit arches are, nevertheless mechanical utilities and the principle of non-analogous arts, so important in determining patentability of a mechanical invention, are not major factors in considering the patentability of an ornamental design under 35 U.S.C. §§ 171 and 103.

■ As stated by the Court of Customs and Patent Appeals in In re Glavas, 230 F.2d 447, 43 CCPA 797:

"The question in design cases is not whether the references sought to be combined are in analogous arts in the mechanical sense, but whether they are so related that the appearance of certain ornamental features in one would suggest the application of those features to the other."

In holding that the claimed design was obvious in view of the combination of references, the Board of Appeals relied upon Glavas and made the following assertion:

"This holding is consonant with the principle set forth in In re Glavas, supra, because the two references are related in the sense of providing an attractive appearance or an ornamental feature to a structural member."

With regard to the modified I-beam sections, including that of Figure 5, shown in the Esser patent to impart the desired functional strength to coal mine pit arches, there is no teaching or suggestion in the patent that these cross sections were chosen, even incidentally, for the purpose of "providing an attractive appearance or an ornamental feature to a structural member." Furthermore, the natural setting of the pit arches described in this German patent, namely in an underground coal mine where they are used to support the ground above the pit, precludes any possible inference that the cross sections of the arches might

be designed for a secondary, incidental, purpose of pleasing the public due to their ornamental design.

■ As the inventor of the claimed design, Louis Blum, testified at the trial of this case, Figure 5 of the Esser patent would not in any way suggest anything to a designer of ornamental posts and railings. While the Court could properly reject this as the self-serving testimony of an inventor if so disposed, the Court agrees with the inventor in this case for the simple reason that the cross sections shown in the Esser patent drawings are utilized strictly for the purpose of imparting functional strength to the pit arches. The cross sections are not used, even incidentally, for the purpose of providing "an attractive appearance or an ornamental feature" to the pit arches. Thus, the Court holds that the Board of Appeals finding of fact that "the two references are related in the sense of providing an attractive appearance or an ornamental feature to a structural member" is clearly erroneous, based on the facts developed in the Patent Office record and at the trial of this case.

Referring again to the Glavas test, the Court finds that, since the cross sections shown in the Esser patent drawings are not "ornamental features" in the first place, the appearance of these cross sections in the Esser pit arches would not suggest the application of these cross sections to the ornamental posts of the Blumcraft catalogue reference. Since the combination of references is therefore improper, the obviousness rejection based on this combination cannot be sustained.

The above finding of an improper combination of references should not be misconstrued to mean that any combination of references, at least one of which is an ordinary mechanical patent, applied against a claimed design is improper. Indeed, most combination rejections of this type would be perfectly proper, as long as the outer shape or cross section of the article of manufacture shown in the mechanical patent drawing may realistically be said to contribute, at least incidentally, to "attractive appearance" of the article, and as long as the natural functional setting of the article is such that it may be seen by the general public or by a significant portion thereof. Otherwise, as a practical matter, the design of the article of manufacture shown in the mechanical patent drawings may be said to suggest nothing of consequence to designers of ornamental articles of manufacture in different arts.

In summary, the Court finds that the claimed design is unobvious in view of the Blumcraft catalogue reference considered alone, that the combination of this reference with the Esser German patent is improper, and that plaintiff is entitled under 35 U.S.C. § 171 to receive a design patent for the claimed new, original, and ornamental design for a combined post and railing. Accordingly, the defendant is authorized under 35 U.S.C. § 145 to issue such design patent to plaintiff on compliance with the requirements of law.

The above Opinion contains Findings of Fact and Conclusions of Law as required by Rule 52(a) of the Federal Rules of Civil Procedure.